UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN MACIAS, : | |
|         Plaintiff, : | No. 5:15-cv-3730 |
| v. : | |
| : | |
| THE SCHOOL DISTRICT OF THE CITY : | |
| OF ALLENTOWN, QUAAN S. WHITE, : | |
| RICHARD E. GAVORNIK, and : | |
| ANTHONY S. WARD, : | |
|         Defendants. : | |

**MEMORANDUM**
Defendant School District City of Allentown's Motion to Dismiss, ECF No. 5 – Granted

**Joseph F. Leeson, Jr.**                                                                                               **March 29, 2016**
**United States District Judge**


**I.      INTRODUCTION**

On July 1, 2015, this action was removed from the Court of Common Pleas of Lehigh County where Plaintiff filed a Complaint against Quaan S. White, Richard E. Gavornik, Anthony S. Ward, and the School District of the City of Allentown ("School").  Compl., ECF No. 1. Plaintiff alleges that on March 17, 2014, after having previously[1] notified the School that the individual defendants, students at William Allen High School, had made threats against him, he was assaulted between classes by the individual defendants and they broke his jaw.  Plaintiff asserts seven state tort claims against the individual defendants and two claims against the

---

[1] Plaintiff alleges that, on March 4, 2014, he informed the Assistant Principal that he was being harassed and threatened by the individual defendants.  Compl. ¶ 8.  He alleges that the same day, one of the individual defendants, Anthony Ward, shoved a teacher, but was not disciplined.  Id. ¶ 9.  Plaintiff alleges that on March 5, 2014, he informed school administration that Ward called him a "snitch" and, when with the other individual defendants, threatened him. Id. ¶ 11.  On March 7, 2014, and again on March 13, 2014, Plaintiff informed a teacher that Ward continued to call him a "snitch" and make threats.  Id. ¶¶ 13-14.

School, one for state law negligence, Compl. ¶¶ 73-79, and the second pursuant to 42 U.S.C. § 1983 for a violation of Plaintiff's constitutional right to bodily integrity guaranteed by the Fourteenth Amendment, Compl. ¶¶ 67-72.  On July 30, 2015, the School filed a Motion to Dismiss.  ECF No. 5.  For the reasons set forth below, the Motion is granted.

## II.     STANDARD OF REVIEW – MOTION TO DISMISS

In rendering a decision on a motion to dismiss, the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Court subsequently laid out a two-part approach to reviewing a motion to dismiss under Rule 12(b)(6).  First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 678.  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive the motion; "instead, 'a complaint must allege facts suggestive of [the proscribed] conduct.'"  Id.; Phillips, 515 F.3d at 233 (quoting Twombly, 550 U.S. at 563 n.8).  Second, the court must determine whether the complaint "states a plausible claim for relief, . . . [which is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 678.  Only if "the '[f]actual allegations . . .

raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 555). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

III.    ANALYSIS

    A.   **Plaintiff has failed to state a claim under 42 U.S.C. § 1983 because a school has no affirmative duty to protect students from harm by private actors unless there is a special relationship or state-created danger.**

The School asserts that Plaintiff has failed to state a claim that would make it liable under the Due Process Clause of the Fourteenth Amendment. The School contends that while substantive due process protects an individual's liberty interest in bodily integrity, it does not impose a duty on the state to protect individuals from harm inflicted by private actors. Mot. Dismiss 4, ECF No. 5 (citing DeShaney v. Winnebago Cnty. Dep't of Social Servs., 489 U.S. 189, 196-97 (1989)). The School argues that there are two[2] exceptions to this rule, but neither one applies here.

---

[2] There is actually "a third theory of constitutional liability that is viable even in the absence of a special relationship duty." D.R. v. Middle Bucks Area Vocational Technical School, 972 F.2d 1364, 1376 (3d Cir. 1992) (citing Stoneking v. Bradford Area School District, 882 F.2d 720, 725 (3d Cir. 1989), cert. denied, 110 S. Ct. 840 (1990) ("Stoneking II")). Specifically, "state defendants may be held liable for deliberately and recklessly establishing and maintaining a custom, practice or policy which caused harm to a student." Id. However, some courts have considered a state's actions in connection with a policy or custom when evaluating the affirmative act requirement in the state-created danger test. See Brown v. Sch. Dist. of Phila., No. 08-2787, 2010 U.S. Dist. LEXIS 76717, at *24-25 (E.D. Pa. July 28, 2010) (addressing, as part of the third element of the state-created danger test, whether "the School District engaged in policies, practices and customs of under-reporting school violence and crime, and refusing to discipline, transfer or expel students who commit such acts"). Accordingly, this issue will be addressed in the context of the state-created danger exception.

### 1.     There is no "special relationship" between Plaintiff, a student, and the School.

A "State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." Deshaney, 489 U.S. at 197.  But, "an affirmative duty to protect may arise out of certain 'special relationships' between the state and particular individuals." Morrow v. Balaski, 719 F.3d 160, 167 (3d Cir. 2013).  "[S]uch a duty arises only where the state actor takes a person into its custody without consent, and by virtue of this custody, limits the individual's freedom to act.  A 'special relationship' exists only in the limited circumstances where the state has taken a person into custody or otherwise prevented that person from helping him/herself." Frazer v. Temple Univ., 25 F. Supp. 3d 598, 609 (E.D. Pa. 2014) (internal citations omitted).

The School recognizes that a state may be liable when it has entered into a special relationship with a citizen and fails to protect the health or safety of the citizen to whom it owes an affirmative duty.  Mot. Dismiss 4 (citing D.R., 972 F.2d at 1369).  The School emphasizes, however, that the Third Circuit Court of Appeals has held that "public schools, as a general matter, do not have a constitutional duty to protect students from private actors" and that "the allegations here are not sufficient to establish a special relationship." Id. at 5 (quoting Morrow, 719 F.3d 160).

Plaintiff makes no argument that there was a "special relationship" to impose liability. See Resp. Mot. Dismiss.  Rather, in support of his argument of the state-created danger exception, Plaintiff comments that the relationship element does not require the same showing as the special relationship basis for constitutional liability, essentially conceding that he cannot satisfy the special relationship exception.  Resp. Mot. Dismiss 8-9.

Consequently, the Court finds the Complaint fails to plead a "special relationship" to allow it to hold the School liable.

### 2. *The Complaint fails to plead a "relationship" between the School and Plaintiff to raise a state-created danger claim.*

To bring a meritorious state-created danger claim, a plaintiff must establish:

(1) the harm ultimately caused was foreseeable and fairly direct;
(2) a state actor acted with a degree of culpability that shocks the conscience;
(3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and
(4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

Bright v. Westmoreland County, 443 F.3d 276, 281 (3d Cir. 2006) (internal quotations omitted).

The School argues that Plaintiff offers nothing more than conclusory allegations to support his claim under the state-created danger theory and that Plaintiff's failure to identify any custom or policy[3] or any affirmative acts[4] by the School is fatal to its claim of liability. Mot. Dismiss 7-9.[5] The School states that a school district's failure to train teachers to respond to assaults, or to investigate and stop assaults are not affirmative actions that can give rise to Due Process liability. Mot. Dismiss 9 n.2 (citing D.R., 972 F.2d at 1375-76). The School cites two other cases in which the courts determined that although school officials were aware of increased violence and failed to install surveillance cameras or provide additional security, the schools took no affirmative acts to increase the risk of danger to the students and were dismissed. Mot. Dismiss 10-12 (citing Mohammed v. School District of Philadelphia, 196 F. App'x 79 (3d Cir.

---

[3] The School argues that Plaintiff fails to identify any policies or customs by the School. See Mot. Dismiss 7-8 ("'To satisfy the pleading standard, a plaintiff must identify a custom or policy and specify what exactly that custom or policy was.' McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009).").

[4] The School asserts that Plaintiff's failure to allege conduct by a state decision-maker is fatal to his claim. See Mot. Dismiss 8 ("Failure 'to allege conduct by a municipal decisionmaker' is 'fatal' to a Monell claim. [McTernan, 564 F.3d at 658]; see also Santiago v. Warminster Twp., 629 F.3d 121, 135 n. 11(3d Cir. 2010)").

[5] The Motion to Dismiss does not address the first or second elements.

5

2006); Pagan v. City of Phila., No. 11-5178, 2012 U.S. Dist. LEXIS 75268 (E.D. Pa. May 31, 2012)).

Plaintiff responds there is "a relationship between the state and the plaintiff under a state-created danger theory 'if the plaintiff was a member of a discrete class of persons subjected to the potential harm brought about by the state's actions.'" Resp. Mot. Dismiss 8-9 (quoting Rivas v. City of Passaic, 365 F.3d 181, 197 (3d Cir. 2004); Morse, 132 F.3d at 913; Gremo v. Karlin, 363 F. Supp. 2d 771, 789 (E.D. Pa. 2005)). Plaintiff alleges that he was a member of a discrete class of persons, students at William Allen High School, and was subjected to threats by a group of three other students at William Allen High School, who did not make threats to the population at large.

Plaintiff's allegations in this regard, if they were in the Complaint and not simply in his Response to the Motion to Dismiss, would satisfy the relationship element of the state-created danger test. See Gayemen v. Sch. Dist. of Allentown, No. 5:14-cv-1518, 2015 U.S. Dist. LEXIS 51358, at *5 (E.D. Pa. Apr. 16, 2015) (finding that the plaintiff's allegation that he was a member of a discrete class of persons, students at William Allen High School, subjected to potential harm brought about by the Allentown School District's actions, was sufficient to satisfy the third element of the state-created danger doctrine). However, these allegations are not contained in the Complaint. Accordingly, Plaintiff will be granted leave to amend his Complaint to include these allegations. See Phillips, 515 F.3d at 245 (holding, "even when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time" (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002))).

In response to the School's argument that Plaintiff has failed to show an affirmative act to satisfy the fourth element of the state-created danger test, he asserts that a school district's efforts to suppress public knowledge of assaults and to dissuade students from reporting abuse may be a basis for liability.  Resp. Mot. Dismiss 10 (citing Stoneking, 882 F.2d at 724-25).  Plaintiff suggests that the Court consider whether the School used its authority to create an opportunity for the assault to occur that otherwise would not have existed.  Id. at 11.  He alleges that the School failed to take steps to address violence and monitor unsafe areas, and concealed reports of attacks, knowing that violence in the school was widespread, which made Plaintiff more vulnerable to attack.

In Doe, the students alleged twenty-five affirmative acts by the school that rendered them more vulnerable than if the state had not acted at all.  Doe v. Allentown Sch. Dist., No. 06-CV-1926, 2007 U.S. Dist. LEXIS 70355, at *12-13 (E.D. Pa. Sept. 21, 2007) ("determin[ing] that these actions may constitute affirmative acts under Third Circuit precedent").  Most of these purported acts are included in the instant Complaint almost word-for-word.  Compare id. with Compl. ¶ 69(a)-(x).  While the Court is concerned that such mirror-image claims may be nothing more than "labels and conclusions, and a formulaic recitation of the elements," see Twombly, 550 U.S. at 555 (requiring more to state a claim), when reviewed in combination with Plaintiff's specific allegations that the School failed to document or impose discipline following the incident with Ward on March 4, 2014, knowing Plaintiff had reported threats by Ward the same day, the Court finds that the Plaintiff has, at this stage of the proceedings, alleged affirmative acts sufficient to satisfy the state-created danger test.  See Doe, 2007 U.S. Dist. LEXIS 70355 at *13 (reminding the plaintiffs that "as this case proceeds through discovery, plaintiffs' counsel must focus on discovering what actions the defendants took, rather than on what actions they

failed to take, if they intend their claims in Count 1 to survive a motion for summary judgment"). The alleged affirmative acts include, concealing violent assaults, covering-up repeated acts of violence, and failing to report assaults to police.  See Gayemen, 2015 U.S. Dist. LEXIS 51358 at *6 (determining that where it was alleged that the defendant instructed a former security officer not to report assaults directly to the police and that the school administration regularly "concealed" incidents of violence, the affirmative act requirement was satisfied).

Moreover, the cases the School cites are distinguishable.  In Mohammed, the court affirmed the district court's decision on summary judgment that the school district, in failing to maintain a full security staff, did not commit affirmative acts to render it liable for failing to prevent a student's assault where there was no allegation of negligence prior to the incident and they "did not conceal any of the [prior violent] incidents."  Mohammed, 196 Fed. Appx. at 82. In Pagan, the student identified only two possible affirmative acts: (1) placing the student in a persistently dangerous school and (2) conducting a fire drill that required students to exit and re-enter the building without providing any guidance, security, or supervision.  Pagan, 2012 U.S. Dist. LEXIS 75268 at *27.  Again, there was no allegation that the school concealed or covered-up prior assaults.

Accordingly, the Court finds that the Complaint has alleged sufficient affirmative acts to satisfy the fourth element of the state-created danger test.  However, for the reasons previously stated, Plaintiff has failed to allege a "relationship" and Count Eight against the School is dismissed without prejudice to Plaintiff's right to amend.

    **B.**    **Plaintiff admits the School is immune from liability for state law negligence.**

The School contends that although the Court has discretion not to decide pendant state law claims, the bar of immunity is so clear that it would be a waste of judicial resources to

remand the claim to state court.  Mot. Dismiss 12.  The School argues that the negligence claim in Count Nine is governed by Pennsylvania's Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa. Cons. Stat. §§ 8541-8564, which states: "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."  Id.  The School asserts that Plaintiff has not cited any exceptions, nor do any apply.  Mot. Dismiss 13-14 (citing Purdy v. Romeo, 613 A.2d. 91 (Pa. Commw. 1992) (rejecting the attempt of a teacher, who filed suit against the school district after being assaulted by a student, to circumvent immunity with the real estate exception because the allegations were couched in terms of the employer's negligence not a defect in the land).

Plaintiff concedes that the real estate exception is not relevant and alleges no other exceptions to the School's immunity.  Resp. Mot. Dismiss 13.  Consequently, Count Nine against the School is dismissed with prejudice.

## IV.    CONCLUSION

For the reasons set forth herein, the Motion to Dismiss is granted as to Count Eight, but Plaintiff is afforded leave to amend.  Further, as Plaintiff admits that the School is immune from liability on the pendant state law claim of negligence, Count Nine is dismissed with prejudice.

A separate Order will be issued.


BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge