# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

JONATHAN MACIAS,

        Plaintiff

  v.

QUAAN WHITE; RICHARD E. GAVORNIK;
AND ANTHONY S. WARD,

        Defendants
_____:

Civil Action No. 15-3730

**Henry S. Perkin, M.J.**                                                                            **January 10, 2018**

## **MEMORANDUM**

This matter is before the Court following Plaintiff's Request for Default Judgment against Defendants, Anthony S. Ward, Quaan White, and Richard E. Gavornik. Defendants were properly served and failed to appear, plead, or otherwise defend in this action. A Clerk's Default was accordingly entered against Defendants Gavornik and White on November 13, 2015 and against Ward on July 6, 2016. Having reviewed the Plaintiff's Request and pertinent filings and following a non-jury trial held before the Court on January 3, 2018, at which only Plaintiff was present, the Court is prepared to rule on this matter.[1]

---

[1] Federal Rule of Civil Procedure 5(a)(2) states that "[n]o service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." When a defendant is served with the summons, does not appear, and does not answer within the requisite period, he or she may properly be regarded as a "party in default." See Cutting v. Town of Allenstown, 936 F.2d 18 (1st Cir. 1991); see also Anderson v. Taylorcraft, Inc., 197 F. Supp. 872 (W.D. Pa. Sept. 15, 1961) (noting that when a defendant fails to appear, the defendant is not entitled to any notice, including notice of non-jury trial). In this case, Defendants Ward, White and Gavornik were properly served. Ward was served with a copy of the Complaint on May 18, 2016. See Dkt. 27. White was served with a copy of the Complaint on October 5, 2015. See Dkt. 9. Gavornik was served with a copy of the Complaint on October 5, 2015. See Dkt. 10. Following service, each of the Defendants failed to appear, plead or otherwise defend in this action. Pursuant to Rule 5(a)(2), no further service was required and Defendants were not entitled to notice of the non-jury trial held before the Court on January 3, 2018. As a point of further clarification, although Plaintiff filed an Amended Complaint on April 7, 2016, under Rule 5(a)(2), Plaintiff was not required to serve that complaint on Defendants

**Procedural History**

Plaintiff Jonathan Macias ("Macias" or "Plaintiff") initiated this matter by filing a Complaint in the Lehigh County Court of Common Pleas against Defendants Anthony S. Ward ("Ward"), Quaan White ("White"), Richard E. Gavornik ("Gavornik") (collectively "Defendants"), and the School District of the City of Allentown ("School District"). This matter was subsequently removed to this Court by the School District. Macias alleges that on March 17, 2014, he was attacked by three fellow students on William Allen High School property, and that he suffered a broken jaw as a result. Macias set forth seven counts including battery, assault, concert of action, civil conspiracy, alternative liability, outrageous conduct causing severe emotional distress, and false imprisonment against Defendants Ward, White, and Gavornik. Macias also alleged one count against the Allentown School District for violation of Plaintiff's constitutional right to bodily integrity.

Macias submitted a request for Entry of Default, accompanied by a Certificate of Service, against each individual Defendant for their respective failures to appear, plead, or otherwise defend in this action. See Dkt. 13, 14, and 30. On November 13, 2015, the Clerk of Court entered Default against Defendants Gavornik and White. On July 6, 2016, the Clerk of Court entered Default against Defendant Ward. Action against the School District continued until November 14, 2017, when the School District's Motion for Summary Judgment was granted and the claim against the School District was accordingly dismissed. The Court's Order was entered and emailed to the School District on November 14, 2017. See Dkt. 50 and 51.

On November 16, 2017, a telephonic conference was held during which it was decided that a non-jury trial would be held on January 3, 2017. See Dkt. 52. The Court's Order

---

Ward, White, and Gavornik because Plaintiff did not raise any new claims against those parties. Compare Dkt. 1 with Dkt. 21.

was entered the same day. See Dkt. 52. At the non-jury trial on January 3, 2017, Plaintiff formally waived his right to a jury trial. See Dkt. 53.

## Standard of Review

A clerk must enter default against a party when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." See Fed.R.Civ.P. 55(a). If the claim is not for a sum certain, the "party must apply to the court for a default judgment." See Fed.R.Civ.P. 55(b). The decision to enter a default judgment "is left primarily to the discretion of the district court." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984) (citing Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951)). In making its determination, the court should consider: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). Once a default judgment is entered against a defendant, factual allegations set forth in the Complaint are treated as proven, except for the contentions relating to damages. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (quoting 10 C., Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2688 at 444 (2d ed. 1983)).

## Findings of Fact

Having reviewed the record in this case, the Court makes the following pertinent findings of fact:

In March 2014, Macias, now 22 years old, and Defendants Ward, White, and Gavornik were all students at William Allen High School in the Allentown School District. On or about March 17, 2014, Macias was assaulted by Defendants on his way to class. The assault

occurred in the following manner: On March 17, 2014, a School District administrator stopped Macias in the hallway, on the first floor of the Allen main building, and, after speaking with Macias concerning Macias's missing an art class, gave Macias a pass to return to class. As Macias walked from the first floor up the stairs, he noticed Defendants Ward, White, and Gavornik following him. After he noticed Ward, White, and Gavornik following him, Macias was stopped by a security guard who asked Macias where he was going and if he had a hall pass. Macias showed the security guard his pass and was told to proceed to class. After Macias's encounter with the security guard, both Macias and the Defendants walked up the stairwell to the second floor, where Macias was approached by Ward, White, and Gavornik, whereupon Ward struck Macias from behind. Following the initial strike, Macias told the Defendants not to touch him and Macias attempted to leave the area. Ward, White, and Gavornik blocked Macias's path and prevented him from leaving. An altercation ensued between Macias and the Defendants. The Defendants struck Macias in the face and head multiple times, breaking his jaw.

After the altercation, Macias went to class and informed his teacher that he needed to go to the nurse. A security guard escorted Macias to the nurse's office. The nurse directed Macias to call his father. The nurse attempted to inspect Macias's jaw but could not because Macias was unable to open his mouth. To stop the bleeding, the nurse gave Macias gauze to put on his mouth. Macias's father arrived at the school and immediately took Macias to the hospital. At Sacred Heart Hospital, Macias was examined and x-ray images were taken. It was determined that Macias's jaw was fractured in two places and he was transported to the Lehigh Valley Hospital trauma unit for surgery and a multiple-day hospital stay.

While Macias recovered from his injuries, he received homebound instruction from the School District. Macias passed all of his classes and participated in the graduation

ceremony in 2014. As a result of the March 17, 2014 incident with Macias, Ward, White, and Gavornik were expelled from school, reported to the police, prosecuted in the juvenile justice system, and found guilty. After graduation, Macias attended Lincoln Technical Institute for some time. He later enlisted in the United States Army as a transportation specialist. His enlistment in the Army was delayed due to the injuries he sustained in the altercation by Ward, White, and Gavornik.

Based on the injuries sustained during the altercation, Macias brings claims of battery, assault, concert of action, civil conspiracy, alternative liability, outrageous conduct causing severe emotional distress, and false imprisonment against Ward, White, and Gavornik. Factual allegations in the Complaint were supplemented by additional evidence in the record including Macias's testimony at the non-jury trial, the video recording of the incident,[2] medical lien records relating to Macias's treatment,[3] and Macias's Victim Impact Statement from the criminal proceedings against Ward, White, and Gavornik.[4]

## Discussion

### Whether Default Judgment Should Be Entered

Applying the Chamberlain factors, the Court must first look at whether Macias will be prejudiced if a default judgment is denied. A plaintiff may be prejudiced if a denial to enter a default judgment against the defendants "would result in the loss of evidence or impair plaintiff's ability to effectively pursue his or her claim," such as a situation where the defendants do not answer at all. Carroll v. Stettler, No. 10-2262, 2012 WL 3279213, *2-3 (E.D. Pa. Aug. 10, 2012). The second factor the Court must assess is whether the defendants have any

---

[2] See Dkt. 43.

[3] See Dkt. 53 (Exhibit P-1).

[4] See Dkt. 53 (Exhibit P-2).

5

meritorious defenses.  Chamberlain, 210 F.3d at 164.  Where a party failed to answer claims against it, courts will weigh this factor in favor of granting default against the party.  See Eastern Elec. Corp. of N.J. v. Shoemaker Constr. Co., 657 F. Supp. 2d 545, 553 (E.D. Pa. 2009).  Finally, the Court will look to see whether defendants' failure to appear in this action is due to culpable conduct.  See Chamberlain, 210 F.3d at 164.  In this context, culpable conduct means actions taken willfully or in bad faith, and such bad faith may be presumed where a defendant fails to respond to a complaint and offers no reason for its failure to engage in the action.  Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982); see also Eastern Elec. Corp. of N.J., 657 F. Supp. 2d at 554.

In this case, prejudice is particularly likely where Defendants Ward, White, and Gavornik have failed to respond to the Complaint or any of the documents served on them.  Defendants' delay in failing to engage in this action has impeded Macias's ability to seek relief and therefore, a denial of a default judgment would be prejudicial to Macias.  In addition, Ward, White, and Gavornik are unlikely to have any meritorious defenses based on the evidence in the record.  The Defendants have demonstrated culpable conduct given the lack of participation in this action.  Therefore, the Court finds that all three Chamberlain factors weigh in Macias's favor, and warrant the entry of default judgment against Defendants Ward, White, and Gavornik.

## Damages

At this time, the Court can find the allegations against Defendants as proven true and can assess the following damages for the injuries Macias sustained.  As a result of the altercation, Macias suffered two fractures to his mandible (jaw).  Macias was initially examined at Sacred Heart Hospital in Allentown, Pennsylvania, and he later received treatment and surgery at Lehigh Valley Hospital in Allentown, Pennsylvania.  See Dkt. 53 (Exhibit P-1).  After surgery

and a multiple-day hospital stay, Macias received prescriptions for pain relievers and antibiotics. See Dkt. 53 (Exhibit P-1). Macias had several follow-up examinations in the days and months after his surgery. See Dkt. 53 (Exhibit P-1). The total amount of medical expenses as a result of the incident was $59,096.78. See Dkt. 53 (Exhibit P-1). Although the Commonwealth of Pennsylvania Department of Public Welfare ultimately settled Macias's medical bills for the reduced sum of $11,509.16, the original amount of $59,096.78 truly evidences the seriousness of the injuries sustained by Macias. See Dkt. 53 (Exhibit P-1). The gravity of Macias's injuries is further supported by his testimony that following his injury he experienced pain in his jaw for about a year and a half. Macias's testimony indicated that over time, the pain has lessened, but that he has occasional pain when he eats and on days when it is cold. Additionally, Macias indicated that his sleep was adversely affected and that he had to finish his senior year of high school from home. See Dkt. 53 (Exhibit P-2). Macias also testified that his application to the United States Army was deferred for approximately two years because his jaw was not fully healed.

In addition to reimbursement of medical expenses, Macias requests damages for lost wages, pain and suffering, punitive damages, and counsel fees and costs on each of the aforementioned claims against Defendants Ward, White, and Gavornik. In support of his claim for lost wages, Macias testified that he was unable to work at Kentucky Fried Chicken for a period of three months while his jaw healed. Macias estimated that he sustained lost wages of approximately $1,400 per month for three months for a total of $4,200. The Court has taken into consideration Plaintiff's requests in formulating the following conclusion.

**Conclusion**

After careful consideration of Plaintiff's Request for Default Judgment and documentation in the record in support of the Complaint and Entry of Default, along with the findings of the January 3, 2018 non-jury trial, which are sufficient to determine Plaintiff's measure of damages, and taking the allegations of the Complaint as admitted, the Court will enter a Default Judgment against Defendants Ward, White, and Gavornik to be jointly and severally liable to Macias in the amount of $180,000 for compensation damages and $80,000 for punitive damages, for a total of $260,000. An appropriate Order follows.